# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA**,        ]
                                     ]
    **Plaintiff,**                       ]
                                     ]
**v.**                                  ]   **CR-08-BE-0418-S**
                                     ]
**GREGORY  JOHN  KATOPODIS,**            ]
                                     ]
    **Defendant.**                       ]

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on Defendant's "Motion for Bail Pending Appeal" (doc. 107).  The motion has been fully briefed by both sides.  For the reasons stated on the Record when the Defendant previously requested release and for the additional reasons stated below, the motion is DENIED.

On July 1, 2009, a federal jury convicted John Katopodis of four counts of mail fraud and ninety-three counts of wire fraud under 18 U.S.C. §§ 1341 and 1343 respectively.  Each count also included honest services fraud under 18 U.S.C. § 1346.  On that date, the court remanded Defendant Katopodis to the custody of the Marshal after a hearing on his request for bail.  The court found at that time that the Defendant failed to rebut the presumption of 18 U.S.C. § 3143(a) that he be detained pending sentence.  That is, he did not establish by clear and convincing evidence that he was not a flight risk and not a danger to the community.

On March 12, 2010, the court sentenced Defendant Katopodis to forty-six months in prison.  The court denied the oral request of counsel that he be released pending designation to a

Bureau of Prisons facility. Now, after Defendant Katopodis has been transferred to a federal prison to serve the remainder of his term, he seeks to be released on bail pending his appeal.

The Bail Reform Act of 1984, 18 U.S.C. § 3143, governs the court's decision. That statute mandates that a district court <u>shall</u> order detention of a person who has been convicted and sentenced to a term of imprisonment, <u>unless</u> it makes certain findings. Under § 3143(b), the court presumes that detention survives a pending appeal, and the defendant bears the burden of refuting the presumption and proving that the requirements for release are met. *See Morrison v. United States,* 486 U.S. 1306, 1306 (1988); *United States v. Giancola*, 754 F.2d 898, 900-01 (11th Cir. 1985).

To grant a request to be released pending an appeal, § 3143(b) requires that the court must find:

> (A) by *clear and convincing evidence* that the person is not likely to flee *or* pose a danger to the safety of any other person or the community if released under Section 3142(b) or (c) of this title: *and*
> (B) that the appeal is not for the purpose of delay *and* raises a substantial question of law or fact likely to result in –
>     (i) reversal,
>     (ii) an order for a new trial,
>     (iii) a sentence that does not include a term of imprisonment, or
>     (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1)(emphasis added). The burden of establishing all of these requirements rests on the defendant. See, *Giancola*, 754 F.2d at 901.

Although the court twice previously found that the defendant failed to present clear and convincing evidence that he was neither a flight risk nor a danger to anyone, he argues the same

2

facts in this motion to support his renewed request.  Even if the same facts now somehow justified a different conclusion, the court need not decide that issue because release would still not be proper as Defendant Katopodis has not established that his appeal raises a substantial question of law or fact that is likely to result in a reversal of his conviction, a new trial or significant modification of his sentence.

The Eleventh Circuit discussed the requirement of a "substantial question" under § 3143(b):

> [A] "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous.  It is a "close" question or one that very well could be decided the other way.  Further, there are no blanket categories for what questions do or do not constitute "substantial" ones.  Whether a question is "substantial" must be determined on a case-by-case basis.

*Giancola*, 754 F.2d at 901.

At first blush, Defendant's motion appears to raise a substantial question concerning the validity of the Honest Services Act, 18 U.S.C. § 1346.  Granted, three cases[1] currently await decision by the United States Supreme Court on the validity of that statute.  However, in emphasizing his conviction for honest services fraud, the Defendant ignores that each count also contained a mail or wire fraud charge for which he was convicted.  Even if the Supreme Court found the Honest Services Act unconstitutionally vague, as Defendant argues, the evidence overwhelmingly supports conviction of mail and wire fraud.  So even if his appeal presents a "close question" as to the validity of the Honest Services Act, it would not likely affect the validity of his conviction nor the length of his sentence.  See *Morrison*, 486 U. S. at 1306

---

[1] *Skilling v. United States*, No. 08-1934; *Black v. United States*, No. 08-1196, *Weyhrauch v. United States*, No. 08-876.

(Regardless of whether defendant raised a "substantial question" as to his conviction under one statute, he had not done so with respect to another, and "[b]ecause Morrison has not shown that his appeal is 'likely to result in reversal' with respect to all the counts for which imprisonment was imposed . . . his application [for bond pending writ of certiorari] is denied.")

Accordingly, because Defendant Katopodis failed to rebut the presumption in favor of detention, his motion to be released pending appeal is DENIED.

DONE and ORDERED this 27th day of April 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE